UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



EULA M. WILLIAMS,

      Plaintiff,

v.                                        Civil No. 4:15cv7

CITY OF NEWPORT NEWS,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on a motion for summary judgment filed by the City of Newport News ("Defendant"). ECF No. 11. After examination of the briefs and the record, the Court determines that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J).

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1)). Accordingly, "Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact

to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses <u>to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis</u>." <u>Id.</u> (emphasis added). Here, Defendant has presented a well-argued summary judgment brief supported by countless citations to the evidentiary record in an effort to demonstrate that Plaintiff's claims have no factual basis. Plaintiff's abbreviated response, containing minimal substance and no citation to the evidentiary record, is inherently inadequate, and the materials before the Court therefore clearly demonstrate that summary judgment is warranted in this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The undisputed facts before the Court establish that Eula M. Williams ("Plaintiff") was previously employed by Defendant for over twenty years in the Newport News Department of Human Services ("DHS"). ECF No. 12 ¶ 4. Plaintiff, an African American female, retired from her position at DHS in 2010 at the age of 62. <u>Id.</u> From 2009 until her retirement in 2010, Plaintiff was supervised by Karen Traylor ("Traylor), a younger African American female who had less experience in the relevant field than Plaintiff. <u>Id.</u> ¶ 7. In late 2010, Traylor provided a written evaluation of Plaintiff's performance that included positive and negative remarks, including assertions that

Plaintiff "often challenge[s] those in position[s] of authority," and "needs to work on establishing a better working relationship with staff members." Id. ¶ 9; ECF No. 12-6. While Plaintiff wrote a rebuttal to the negative portions of her evaluation in December of 2010, she did not utilize the procedure in place to appeal such evaluation. ECF No. 12 ¶¶ 12-13; ECF No. 12-6.

In 2012, Plaintiff re-applied for employment at DHS for a part-time position without retirement benefits. ECF No. 12 ¶ 16. Such position required "positive interpersonal relationship skills" because it included responsibilities associated with training, coordinating third-party audits, working with multiple internal units, working as an in-house consultant to workers and supervisors, and acting as a liaison to regional and state consultants. Id. ¶ 18; ECF No. 12-5 ¶¶ 4-5. In early 2013, Diana Clark ("Clark"), a Caucasian female who was 40 years old at the time, was chosen to be the "hiring manager" for the part-time position.[1] ECF No. 12 ¶¶ 19-20; ECF No. 12-4 ¶¶ 1, 3. Clark chose seven applicants to be interviewed without regard to age, race, gender or disability, to include Plaintiff and Faith Kinser ("Kinser"). ECF No. 12 ¶¶ 21-22; ECF No. 12-4 ¶¶ 4-5. An interview panel of three individuals, including Clark and two

---

[1] Clark's responsibilities included selecting and interviewing candidates and assembling "hiring packages" for further evaluation by management. ECF No. 12 ¶ 20; ECF No. 12-4 ¶ 3.

African American females in their early 40s, selected Plaintiff
as its first choice and Kinser as an alternate.  ECF No. 12 ¶¶
23, 26; ECF No. 12-3 ¶ 10; ECF No. 12-4 ¶¶ 6-8.  Kinser is a
Caucasian female who was 49 in early 2013 and who had 25 years
of prior service at DHS.  ECF No. 12 ¶ 27; ECF No. 12-3 ¶ 12.

Although Plaintiff was the interview panel's first choice,
Defendant's written hiring policy required that reference checks
be completed before an employment offer is made, further stating
that "[e]mployment reference checks are an integral part of the
selection process."  ECF No. 12 ¶ 29; ECF No. 12-5, at 12.  When
Plaintiff's former supervisor, Karen Traynor, was contacted in
early 2013 regarding Plaintiff's past DHS employment, she
provided a negative written reference indicating:  (1) that
individuals in two different departments who previously
interacted with Plaintiff had indicated that she was difficult
to work with; (2) that Traynor would not recommend Plaintiff for
re-hire based on her past employment conduct; and (3) that
Plaintiff's past employment conduct can be described as follows:

> Ms. Williams' conduct did not always reflect the
> Agency's values of commitment, caring and
> collaboration.  She was sometimes uncooperative
> requiring me to make multiple requests before she
> would take the requested action.  Ms. Williams did
> little to contribute to a positive working environment
> within the unit.

ECF No. 12 ¶ 32; ECF No. 12-5, at 8.  Lisa Calloway
("Calloway"), a 51 year old Caucasian female and "Chief" of the

DHS department seeking to hire the part-time employee, was informed of the negative reference and she contacted Traynor to obtain more details. ECF No. 12-5 ¶¶ 1, 9-11. After such inquiry, Calloway asked the hiring panel to move on to the next candidate, but did not share the details of the negative reference with all of the panel members due to confidentiality concerns.[2] Id. ¶¶ 16, 20-21. Pursuant to City policy, the reference check results were "confidentially maintained," were not released to Plaintiff, and were not available to third parties. ECF No. 12 ¶¶ 44, 61; ECF No. 12-5, at 12.

Clark reconvened the hiring panel, informed the other members that Plaintiff had received a negative reference, and stated that the panel should move on to its next choice. ECF No. 12 ¶ 49; ECF No. 12-4 ¶ 11. The panel members then signed a "Candidate Evaluation" form indicating that Plaintiff was not being recommended due to employment references, with one panel member writing next to her signature "did not evaluate Applicants references - Applicant was a good fit for position

---

[2] Plaintiff disputes the fact that Calloway contacted Traynor to ask for more details and disputes that Plaintiff's negative reference was not shared with the interview panel due to confidentiality concerns. However, as discussed below, Plaintiff cites to no contrary record evidence, including circumstantial evidence or evidence that would create an inference favorable to Plaintiff. Rather, she merely states that such facts are "Disputed" with no further explanation. ECF No. 17, at 4. Such unsupported blanket denial fails to advance Plaintiff's opposition to summary judgment in any meaningful way. Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014).

otherwise." ECF No. 12 ¶¶ 49-50; ECF No. 12-4, at 6. Faith Kinser's application package was then forwarded up through the chain of command and Kinser was ultimately approved by the Department head, a 60-year-old African American male. ECF No. 12 ¶¶ 55-56; ECF No. 12-5, at 5; ECF No. 12-8.

Plaintiff filed the instant civil action in January, 2015, asserting discrimination claims based on her race, gender, and age, as well as what appears to be a due process claim based on Defendant's failure to conduct a "name clearing hearing" to allow Plaintiff to challenge the negative evaluation. ECF No. 1. The complaint also claims that Plaintiff was discriminated against based on a "perceived disability" associated with her being overweight, but it does not provide a legal basis for such allegation nor advance a "cause of action" based on a disability theory.

After discovery was completed, Defendant filed the instant summary judgment motion asserting that the undisputed facts demonstrate that Plaintiff cannot establish a prima facie case of discrimination, and that even if she could, Defendant has effectively rebutted such showing. Defendant also argues that Plaintiff's due process claim fails as a matter of law based on the undisputed facts. Plaintiff, who is represented by counsel, filed a brief in opposition to summary judgment; however, such brief provides no citation to the record or to any relevant

6

legal authority that would support denying Defendant's motion. Defendant recently filed its reply brief, and with an impending trial date, this matter is ripe for review.[3]

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that a district court "shall grant summary judgment if [a] movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-48 (1986). A fact is "material" if it "might affect the outcome of the suit," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

Rule 56(c) addresses the applicable procedure for pursuing, and defending against, summary judgment, explaining as follows:

---

[3] The Court notes that the instant motion was not ripe until October 13, 2015, only fourteen days prior to the scheduled trial date, which resulted in the issuance of this Opinion and Order just days prior to trial. As expressly stated in the Scheduling Order in this case, such late-filing is discouraged. See ECF No. 8 ¶ 9(a) (indicating that "the Court encourages the parties to submit [summary judgment] motions so that they will be ripe at least 45 days before trial").

**(c) Procedures.**
  **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed <u>must support the assertion by</u>:
    **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
    **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(emphasis added). Rule 56 further states that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the Court has discretion to "consider the fact undisputed for purposes of the motion" and to "grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

Although the initial burden on summary judgment obviously falls on the moving party, once a movant properly files evidence supporting summary judgment, the non-moving party <u>may not rest upon the mere allegations of the pleadings</u>, but instead must set forth specific facts in the form of exhibits and sworn affidavits illustrating a genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986); <u>Butler v. Drive Auto. Indus. of Am., Inc.</u>, 793 F.3d 404, 408 (4th Cir. 2015).

In other words, while the movant must carry the burden to show the absence of a genuine issue of material fact, when such burden is met, it is up to the non-movant to establish the existence of such an issue.  <u>Celotex</u>, 477 U.S. at 322–23.

### III. DISCUSSION

As referenced above in the Factual Background, Defendant's summary judgment motion is well-supported by citations to multiple affidavits, documents associated with Plaintiff's prior DHS employment, and documents associated with the 2013 hiring process, as well as other record evidence.  Defendant's summary judgment motion sets forth a clear non-discriminatory explanation as to why Plaintiff was not hired in 2013 for the part-time DHS position, and Defendant supports such explanation through specific pinpoint citations to direct evidence, including sworn affidavits.  Moreover, Defendant cites to circumstantial evidence demonstrating the absence of a discriminatory animus at DHS as to age, race, and gender.[4]

---

[4] Defendant's circumstantial evidence includes the fact that the person hired for the part-time position was <u>nearly 50 years old</u> and was <u>a woman.</u>  Additionally, Defendant advances evidence that in April of 2013, the month in which Kinser was hired, six out of ten DHS hires were over 40 (two were over 50), seven out of ten hires were African American, and nine out of ten were woman.  ECF No. 12-3 ¶ 24.  As to the "unit" hiring the part-time employee in early 2013, two out of the three employees in such unit were African American women, one aged 60 and the other 58.  ECF No. 12 ¶ 72; ECF No. 12-5 ¶ 27.  Moreover, Defendant presents evidence that, in April of 2015, the demographics of DHS were as follows: at least 40% of employees were over 40, 73% were African American, and 93% were women.  ECF No. 12-9.

Having carefully reviewed the record, it is readily apparent that Defendant's well-supported summary judgment motion satisfies Defendant's preliminary burden to demonstrate: (1) that there are no genuine issues of material fact; (2) that the undisputed facts demonstrate that Plaintiff fails to make even a prima facie showing of discrimination on any of the asserted grounds;[5] (3) that even assuming that a prima facie case had been made, Defendant has advanced both direct and circumstantial <u>evidence</u> rebutting such showing by articulating "a nondiscriminatory reason for its action" and Plaintiff has pointed to no record evidence suggesting that Defendant's explanation was pretextual, <u>Laing v. Fed. Exp. Corp.</u>, 703 F.3d

---

[5] As argued by Defendant, with respect to age and gender, Plaintiff fails to demonstrate that the position was filled by someone outside the protected class, as is ordinarily required in this Circuit, <u>Miles v. Dell, Inc.</u>, 429 F.3d 480, 485-86 (4th Cir. 2005), nor does she make the "critical" showing that her non-hiring was "'under circumstances giving rise to an inference of unlawful discrimination'" as to any claimed basis, <u>E.E.O.C. v. Sears Roebuck & Co.</u>, 243 F.3d 846, 851 n.2 (4th Cir. 2001) (quoting <u>Texas Dept. of Comty. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981)), with the evidentiary record demonstrating an absence of any discriminatory animus based on job applicants being female, over 40, or African American. Additionally, Plaintiff does not contest Defendant's summary judgment arguments asserting that: (1) Plaintiff fails to identify a valid legal basis for asserting a "perceived disability" claim based on her weight (unlike the race, gender, and age discrimination claims, the complaint does not even set forth a "cause of action" based on perceived disability nor does it cite to the ADA or any other legal authority that would support such a theory of recovery); and (2) Plaintiff fails to identify any evidence that could support a jury verdict as to her gender discrimination or "perceived disability" claims. Such uncontested matters are likewise resolved in Defendant's favor.

713, 719 (4th Cir. 2013); and (4) that Plaintiff fails to demonstrate a due process right to a "name clearing hearing" to refute the negative employment reference because there is no evidence indicating that: (a) such reference was maintained in a personnel file that was made available to third-parties or otherwise disseminated to the public; (b) such reference created the "stigma" necessary to support a liberty interest claim; or (c) such reference was false. Sciolino v. City of Newport News, Va., 480 F.3d 642, 646-50 (4th Cir. 2007); Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 308 (4th Cir. 2006).

As Defendant has properly advanced evidence supporting summary judgment, the question for the Court is whether the Plaintiff has set forth specific facts in the form of exhibits or sworn affidavits illustrating a genuine issue for trial. Celotex, 477 U.S. at 322-24; Butler, 793 F.3d at 408. Whether Plaintiff has carried such burden is easily answered in the negative, as even with discovery complete and a fast approaching trial date, Plaintiff cites no document, affidavit, deposition transcript, or other form of evidence that would suggest the existence of a genuine issue for trial. See Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014) ("'The opposing party must demonstrate that a triable issue of fact exists; [s]he may not rest upon mere allegations or denials.'" (quoting Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994)); E.D. Va. Loc.

Civ. R. 56(B) (requiring that a brief in opposition to summary judgment "shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute.") (emphasis added). Plaintiff also does not cite case law demonstrating that Defendant's evidence is somehow inadequate, and in fact, cites no case law or legal standard anywhere in her brief. Rather, Plaintiff's brief in opposition primarily consists of a chart identifying facts that Plaintiff labels as "Disputed" without citation to any record evidence supporting such claimed dispute, followed by limited and conclusory argument in support of Plaintiff's race and age discrimination claims and her due process claim. While Plaintiff's complaint is "verified," Plaintiff does not cite to any portion of the verified complaint in opposition to summary judgment. Cf. Fed. R. Civ. P. 56(c)(3) ("*Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record."). Moreover, the complaint consists largely of legal conclusions and vague factual statements broadly asserting that discrimination occurred. Plaintiff's brief in opposition to summary judgment, filed after the close of discovery, plainly fails to identify a

genuine issue of material fact that could support a jury verdict in Plaintiff's favor as to any of the claims in her complaint.[6]

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is hereby **GRANTED**, ECF No. 11, and the trial of this civil action shall be removed from the Court's calendar.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Mark S. Davis

Mark S. Davis
United States District Judge

October 23, 2015
Norfolk, Virginia

---

[6] <u>After</u> advancing a merits-based attack to Defendant's gender discrimination claim, Defendant advances an abbreviated, but well-formulated, argument asserting that this Court should not even reach the merits of the gender claim because it was not included in Plaintiff's EEOC "Charge of Discrimination." ECF No. 12-15; <u>see</u> <u>Bryant v. Bell Atl. Maryland, Inc.</u>, 288 F.3d 124, 133 (4th Cir. 2002) (concluding that several claims, including a gender discrimination claim, that were not included in the EEOC charge were "barred" from the civil action because "[t]he EEOC charge defines the scope" of the civil suit). Although this Court has limited facts and argument before it regarding the EEOC process, Plaintiff does not refute Defendant's argument on this point, and the Court therefore alternatively dismisses the gender discrimination claim as procedurally barred.